STATE, EX REL. NORRIS BROWN, ATTORNEY GENERAL, APPELLEE, v. WAYNE COUNTY AGRICULTURAL SOCIETY, APPELLEE; JAMES BRITTON ET AL., APPELLANTS.

FILED JULY 3, 1917. No. 19544.

Attorney and Client: FEES: SERVICES BENEFICIAL TO STOCKHOLDERS. Where by the services of attorneys, duly retained by trustees appointed by the court for the benefit of the creditors and stockholders of a corporation whose charter has lapsed, property is preserved, their fees should be paid from the fund in the hands of the court.

APPEAL from the district court for Wayne county: ANDREW R. OLESON, JUDGE. Affirmed in part, and reversed in part, with directions.

*William L. Dowling,* for appellants.

*A. R. Davis, contra.*

MORRISSEY, C. J.

Appeal from an order of the district court for Wayne county.

In 1885 there was organized, under the general incorporation laws of the state, the Wayne County Agricultural Society. Among other property acquired was a tract of land lying adjacent to the city of Wayne. From 1885 to 1901, inclusive, the society held fairs, but after the latter date ceased to do so. Stockholders' meetings were not regularly held. Many of the stockholders left the county, others transferred their stock to parties who failed to have the transfers noted on the books of the company, and the ownership of much of the stock was unknown. Thus matters ran until June, 1905, when certain resident stockholders filed, with the persons who had theretofore acted as president and secretary, a request in writing that a meeting of the stockholders be called "for the purpose of perpetuating said organization or dissolving and disbanding the same." Pursuant to this request, a meeting of the stockholders was held July 7, 1905, at which meeting a resolution was adopted by a stock vote of 148½ shares to 33 shares, appointing a committee of three, "with full power and authority to dissolve or perpetuate this organization, to collect all moneys belonging to said organization, to bring such suit or suits as may be necessary, either in law or equity, to make settlements in regard to such property, and to employ counsel, who may be one of their number, and agree upon his compensation, to have full authority necessary to settle up such organization, to wind it up or extend it as their judgment seems best."

Pursuant to this resolution, a committee was appointed, which determined that it was to the interest of the stockholders to dissolve the corporation, and that these appellants should be engaged as attorneys, to receive as compensation a sum equal to one-half the value of whatever

property the stockholders might receive as a result of the proceedings. The society was subsequently dissolved by regular proceedings, and three trustees were appointed to take charge of the property for the benefit of the creditors and stockholders. Subsequently an action was brought on behalf of the county against the trustees and other persons claiming under them to procure a decree which would vest the title to the property in the county of Wayne. This suit was successfully defended by the appellants, and by decree of this court the title to the property was vested in the trustees. Since the entry of said decree, in 1912, the property has been sold, the debts paid, and the trustees filed their final report. On the coming in of the report of the trustees, appellants filed their claim and asked for its allowance.

The claim is not based alone on the contract made with the committee of stockholders, whereby appellants were to receive one-half of any amount saved as a result of their services, but it seems to rest also on a contract made by the trustees, under date of May 20, 1907, whereby, in the name of the society, they contracted to pay appellants a reasonable compensation. The creditors of the association have been paid in full, and no objection is made to the allowance of the claim by any stockholder or other person having an interest in the fund, but the trial judge took the view that throughout the litigation, which ran more than ten years, the appellants were not in the employ of the society, but of the individual stockholders with whom they dealt, and that they must look to these stockholders, and not to the society, for their compensation.

Regardless of the character of the litigation or the form of the action that was prosecuted, the services rendered inured to the benefit of every share of stock. The litigation was successfully concluded and a large amount of property was saved to the society. Each share of stock has been enhanced by appellants' services. The failure of each and every stockholder to object to the allowance of the claim, or even suggest that it is too high, may be taken

as some evidence of its fairness and of a desire on the part of all parties interested that it be paid. On the record before us it appears that the district court erred in disallowing the claim for attorneys' fees.

There is a further item of $200, claimed by the appellant Britton for services as secretary to the society. This was also disallowed by the court, and we think properly so. As to this item, the judgment is affirmed, but as to the item of attorneys' fees, the judgment is reversed, with directions to the district court to enter a judgment in conformity with this opinion.

JUDGMENT ACCORDINGLY.

SEDGWICK, J., not sitting.